**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTEQ, LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>ASHRAF MOTON, an individual<br><br>  Defendant.<br>_____/ | No. C-15-2626 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS OR TRANSFER; STRIKING DEFENDANT'S ANSWER; DIRECTIONS TO DEFENDANT; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is plaintiff Powerteq, LLC's ("Powerteq") "Motion to Strike Defendant's Motion to Dismiss or Transfer," filed October 11, 2015. Defendant Ashraf Moton ("Moton") has not filed a response thereto.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for November 20, 2015, and rules as follows.

On June 11, 2015, Powerteq filed its complaint in the above-titled action, in which it alleges a claim of trademark infringement against Moton. On October 5, 2015, Moton, through attorney Juan A. Marquez ("Marquez"), filed a "Motion to Dismiss under 12(b)(3) for Improper Venue or, Alternatively, to Transfer Case to the Northern District of Texas for

---

[1] Under the Local Rules of this District, any opposition was due no later than October 26, 2015. See Civil L.R. 7-3(a).

Forum Non Conveniens." In its motion to strike, Powerteq argues the motion filed by Marquez on behalf of Moton should be stricken because Marquez is not admitted to practice in this District and is not appearing pro hac vice.

Under the Local Rules of this District, "an attorney must be a member of the bar of this Court to practice in this Court," see Civil L.R. 11-1(a), unless the attorney has applied for and obtained permission to appear pro hac vice, see Civil L.R. 11-3.[2]

The Court has reviewed its records and has determined that Marquez is not a member of this bar of this Court and has not applied for, much less obtained, permission to appear pro hac vice. Consequently, Marquez may not appear on behalf of Moton in the above-titled action and, indeed, is potentially subject to sanctions for attempting to do so. See Civil L.R. 11-8 (providing "person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to exercise such privileges, may be referred to the Standing Committee in addition to any action authorized by applicable law").

Accordingly, Powerteq's motion to strike is hereby GRANTED, and Moton's motion to dismiss or transfer is hereby STRICKEN. Additionally, the "Answer to Complaint (Trademark Infringement)," filed October 6, 2015, by Marquez on behalf of Moton, is hereby STRICKEN.

Moton is hereby DIRECTED to file his response(s) to the complaint, either pro se or through counsel admitted to practice in this District, no later than November 23, 2015. Moton is hereby advised that his failure to do so may, upon a proper request by Powerteq, result in entry of his default. See Fed. R. Civ. P. 55(a).

//

//

---

[2] Although three additional exceptions to the general rule exist, see Civil L.R. 11-1(a), none is potentially applicable in this instance, as Marquez is not appearing on behalf of the United States, see Civil L.R. 11-2, nor is he a certified law student acting under the supervision of a member of the bar of this Court, see Civil L.R. 11-9, and Moton is not challenging a subpoena issued in another district, see Fed. R. Civ. P. 45(f).

1       Lastly, in light of the above, the Case Management Conference is hereby
2 CONTINUED from November 6, 2015, to January 15, 2016, at 10:30 a.m.  A Joint Case
3 Management Statement shall be filed no later than January 8, 2016.
4       **IT IS SO ORDERED.**

6 Dated:  October 28, 2015                  _____
                                                   MAXINE M. CHESNEY
                                                   United States District Judge