United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWERTEQ, LLC, a Delaware limited
liability company,

        Plaintiff,

  v.

ASHRAF MOTON, an individual

        Defendant.

_____/

No. C-15-2626 MMC

**ORDER DENYING IN PART AND
DEFERRING RULING IN PART ON
DEFENDANT'S MOTION TO DISMISS
OR TRANSFER; AFFORDING PARTIES
LEAVE TO CONDUCT DISCOVERY ON
PERSONAL JURISDICTION AND VENUE
ISSUES; CONTINUING HEARING;
CONTINUING CASE MANAGEMENT
CONFERENCE**

     Before the Court is defendant Ashraf Moton's ("Moton") "Motion to Dismiss Under
12(b)(3) for Improper Venue or, Alternatively, to Transfer Case to the Northern District of
Texas for Forum Non Conveniens," filed November 23, 2015.[1] Plaintiff Powerteq, LLC's
("Powerteq") has filed opposition, to which Moton has replied.  Having read and considered
the papers filed in support of and in opposition to the motion, the Court, for the reasons
discussed below, will continue the hearing to afford the parties leave to conduct discovery
on the issues of personal jurisdiction and venue and thereafter to file supplemental briefing

---

[1]Neither the motion nor any of the papers filed by Moton in connection therewith are
on paper with numbered lines.  Although the Civil Local Rules of this District only expressly
require papers "presented for manual filing" to have "numbered lines," see Civil L.R. 3-
4(c)(1), it is the practice in this District that all papers electronically filed also have
numbered lines.

1   to address those issues.[2]

2                                    **BACKGROUND**

3          In its complaint, Powerteq alleges that it has "acquired trademark rights to use the

4   marks EDGE and EDGE PRODUCTS" (<u>see</u> Compl. ¶ 7), and that it uses such marks "in

5   connection with automotive electronic goods" (<u>see</u> Compl. ¶ 6).  Powerteq further alleges

6   that Moton sells goods with the same marks, also "in connection with automotive electronic

7   goods" (<u>see</u> Compl. ¶ 9), and, more specifically, that such goods "are purportedly genuine,

8   new products produced or manufactured by [Powerteq]," but, in reality, are "materially

9   different from [Powerteq's] genuine goods" (<u>see</u> Compl. ¶ 8).  Based on said allegations,

10   Powerteq alleges a claim for trademark infringement.

11                                    **DISCUSSION**

12          In his motion, Moton contends venue is improper in the Northern District of California

13   and, accordingly, requests dismissal or a transfer to the Northern District of Texas,

14   pursuant to 28 U.S.C. § 1406.  Alternatively, Moton requests the action be transferred to

15   the Northern District of Texas for the convenience of the parties and witnesses, pursuant to

16   28 U.S.C. § 1404(a).  In addition, although not referenced in the caption of the motion,

17   Moton contends dismissal is warranted for the reason that the Court lacks personal

18   jurisdiction over him.

19   **A.  Personal Jurisdiction**

20          A court has "general jurisdiction" over a defendant if the defendant's contacts with

21   the forum are "substantial or continuous and systematic," i.e., "of the sort that approximate

22   physical presence."  <u>See</u> <u>Bancroft & Master, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086

23   (9th Cir. 2000) (internal quotation and citation omitted).  Alternatively, a court has "specific

24   jurisdiction" over a defendant "if (1) the defendant has performed some act or

25   consummated some transaction within the forum or otherwise purposefully availed himself

26   of the privileges of conducting activities in the forum, (2) the claim arises out of or results

27   _____

28          [2]To the extent the motion seeks a transfer for convenience, the Court finds the
     motion suitable for decision on the parties' respective written submissions.

1    from the defendant's forum-related activities, and (3) the exercise of jurisdiction is

2    reasonable." See id.

3            Here, Moton's showing, if uncontroverted, would suffice to establish this Court's lack

4    of either general or specific jurisdiction over him.  In particular, Moton avers that he resides

5    in Texas and does not transact any type of business in California.  (See Mot. Aff. ¶¶ 2, 9,

6    18.)[3]  Further, Moton avers that none of the sales challenged by the instant action was

7    made "in [his] individual name," and that he only acts "in a management capacity for a

8    company or corporation."  (See id. ¶¶ 6-7.)

9            Where a defendant offers evidence to show a district court lacks personal jurisdiction

10   over him, the plaintiff, to avoid dismissal, must go forward and make a "prima facie showing

11   of jurisdictional facts."  See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d

12   1280, 1285 (9th Cir. 1977).  If the record is "not sufficiently developed," however, and if

13   allowing discovery "might well demonstrate facts sufficient to constitute a basis for

14   jurisdiction," a district court should first afford the plaintiff an opportunity to conduct

15   jurisdictional discovery.  See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements

16   Ltd., 328 F.3d 1122, 1135 (9th Cir. 2003).

17           Here, in its opposition, Powerteq sets forth its theory that Moton is the alter ego of

18   the companies he manages, and seeks leave to conduct discovery with respect to such

19   theory.  Given that a finding of personal jurisdiction over a corporation suffices to support a

20   finding of personal jurisdiction over the corporation's "alter ego," see Certified Bldg.

21   Products, Inc. v. National Labor Relations Board, 528 F.2d 968, 969 (9th Cir. 1976), the

22   Court finds it appropriate to afford Powerteq an opportunity to conduct discovery,

23   particularly given Moton's concession that a company or companies he manages made at

24

25           [3]Powerteq argues the affidavit should be stricken.  In support of such request,
26   Powerteq first notes that the verification, signed by a notary public, was filed separately
     from the document comprising Moton's declaration; Powerteq then theorizes that the
27   verification was signed before Moton's declaration was written.  In his reply, albeit not
     under penalty of perjury, Moton denies writing his declaration after the verification had been
28   executed, and, in any event, the form of the subject document is insufficient to support a
     finding that Moton's declaration is not verified.

1 least some sales to California residents (see Moton Aff. ¶¶ 18, 22); see, e.g., IP Innovation,

2 L.L.C. v. RealNetworks, Inc., 310 F. Supp. 2d 1209, 1213 (W.D. Wash. 2004) (finding, in

3 patent infringement case, district court had specific jurisdiction over defendant based on

4 "single sale" to resident in forum sale, where infringement claim "[arose] out of that sale").

5 Indeed, Moton himself "requests that the Court authorize a period of jurisdictional

6 discovery." (See Def.'s Mot. at 7.)

7     Accordingly, the Court will afford the parties leave to conduct discovery relevant to

8 the issue of personal jurisdiction and, in connection therewith, will both set a supplemental

9 briefing schedule and continue the hearing on the instant motion to the extent Moton seeks

10 dismissal for lack of personal jurisdiction.

11 **B.  Venue**

12     In its complaint, Powerteq alleges venue in this District is proper under 28 U.S.C.

13 § 1391(b)(2). See 28 U.S.C. § 1391(b)(2) (providing action may be brought in district "in

14 which a substantial part of the events or omissions giving rise to the claim occurred").

15     Moton contends venue in this District is not proper under § 1391(b)(2), relying on his

16 affidavit, in which he asserts that, acting on behalf of a "company or corporation" (see

17 Moton Aff. ¶ 7), he made "internet sales . . . through a third party website (Amazon.com

18 marketplace)" (see id. ¶ 18), that the "gross sales" in the past five years have been "over

19 $60,000" (see id.), and that, of those sales,  two were made to California residents, whose

20 purchases collectively were for "$667.10," i.e., "less than 2% of all sales" (see id. ¶¶ 18-

21 19).  In other words, Moton argues that a substantial part of the sales were not made to

22 California residents.  Further, according to Moton, the two California purchasers reside in,

23 respectively, Browns Valley and Stockton.  (See id. ¶ 22.)  As Browns Valley and Stockton

24 are both located in the Eastern District of California, Moton in essence contends that no

25 part of the events giving rise to Powerteq's claim arose in this District.

26     In its opposition, Powerteq fails to identify any evidence to the contrary.  Rather,

27 Powerteq requests leave to conduct discovery with respect to the issue of venue.  As the

28 Ninth Circuit has explained, "the trial court may permit discovery on [a motion to dismiss for

improper venue], and indeed should do so where discovery may be useful in resolving issues of fact presented by the motion, particularly since the necessity of resolving such issues is created by the movant himself and the relevant evidence is peculiarly within the movant's possession."  See Hayashi v. Red Wing Peat Corp., 396 F.2d 13, 14 (9th Cir. 1968).  Here, Moton would appear to be the only party in possession of evidence regarding the customers to whom products with the allegedly infringing marks were sold and the circumstances under which such sales occurred.  Indeed, Moton himself, as part of the above-referenced request for discovery, specifies topics that would appear to bear on the issue of venue, namely, "the total number of transactions and sales allegedly infringing upon [Powerteq's] marks, where those sales were made 'from' and to whom such sales were made, as well as where the sales were directed."  (See Def.'s Mot. at 7.)

Accordingly, the Court will afford the parties leave to conduct discovery relevant to the issue of whether venue is proper in this District, and, in connection therewith, will both set a supplemental briefing schedule and continue the hearing on the instant motion to the extent Moton seeks dismissal or transfer on grounds of improper venue.

**C.  Transfer for Convenience**

Lastly, to the extent Moton requests an order transferring the above-titled action for "the convenience of [the] parties and witnesses," see 28 U.S.C. § 1404(a), the Court notes that, other than Moton's having shown that he and the companies he manages are located in Texas, Moton bases such request on wholly conclusory assertions, both in his motion and supporting affidavit, that all witnesses and evidence are located outside this District. Such conclusory statements, when made without further factual support, are insufficient to meet the requisite "strong showing of inconvenience" necessary to "upset[ ] the plaintiff's choice of forum."  See Decker Coal Co. v. Commonwealth Edison Co., 805 F. 2d 834, 843 (9th Cir. 1986) (holding defendant has burden to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum"); Brandon Apparel Group, Inc. v. Quitman Manufacturing Co., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) (holding, where defendant failed to provide court with information necessary to evaluate nature and quality

1  of witnesses' expected testimony, defendant failed to show transfer was necessary for

2  convenience of witnesses).

3      Moreover, prior to the Court's resolution of the question of personal jurisdiction

4  and/or venue, the question of a transfer for convenience appears premature.

5      Accordingly, to the extent the motion seeks a transfer under § 1404(a), the motion

6  will be denied, without prejudice to refiling, if appropriate, after the other grounds upon

7  which the motion is based have been resolved.

8  **CONCLUSION**

9      For the reasons stated above,:

10      1. To the extent Moton seeks dismissal for lack of personal jurisdiction and seeks

11  dismissal or transfer for improper venue, the Court hereby DEFERS ruling thereon, affords

12  the parties leave to conduct discovery limited to the issues of personal jurisdiction and

13  venue, and SETS the following supplemental briefing schedule and hearing:

14      a. No later than April 15, 2016, Powerteq shall file its supplemental

15  opposition.

16      b. No later than April 29, 2016, Moton shall file his supplemental reply.

17      c. The hearing on the deferred portion of the motion is hereby CONTINUED

18  from January 22, 2016, to May 13, 2016, at 9:00 a.m.

19      2. To the extent Moton seeks a transfer pursuant to § 1404(a), the motion is hereby

20  DENIED without prejudice.

21      In light of the above, the Case Management Conference is hereby CONTINUED

22  from January 15, 2016, to June 17, 2016, at 10:30 a.m.  A Joint Case Management

23  Statement shall be filed no later than June 10, 2016.

24      **IT IS SO ORDERED.**

25

26  Dated:  January 7, 2016

27  MAXINE M. CHESNEY
   United States District Judge

28